WO

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul R. Jones, | No. CV-05-1944-PHX-SRB |
| Plaintiff, | **ORDER** |
| vs. | |
| Salt River Pima-Maricopa Indian Community, et al., | |
| Defendant. | |

At issue are four motions: a Motion to Dismiss filed by the State of Arizona and Arizona Governor Janet Napolitano ("Arizona Defendants") (Doc. 5); a Motion to Dismiss filed by Defendants Jeff Flake, Trent Franks, Raul Grijalva, John Hayworth, Ed Pastor, Rick Renzi, John Shadegg and Robert Stump ("House Defendants"[1]) (Doc. 36); a Motion to Dismiss filed by John McCain and Jon Kyl ("Senate Defendants"[2]) (Doc. 39); a Motion for

---

[1] These Defendants are currently United States Representatives, with the exception of Robert Stump, who is a former U.S. Representative. The Complaint also lists "51% of the un-named United States House of Representatives." Those Defendants will be included in the label "House Defendants."

[2] These Defendants are currently United States Senators. The Complaint also lists "51% of the un-named United States Senate." Those Defendants will be included in the label "Senate Defendants."

Summary Judgment filed by Plaintiff Paul R. Jones (Doc. 45); and a Motion to Strike filed by the Arizona Defendants (Doc. 42).

**I.   LEGAL STANDARDS AND ANALYSIS**

    **A.   Motions to Dismiss filed by House and Senate Defendants**

In a nutshell, Plaintiff appears to be suing members of the United States House of Representatives and United States Senate because of their enactment of federal laws that allegedly injured Plaintiff by violating his constitutional rights in a manner not ascertainable from the Complaint. More specifically, the laws Plaintiff finds to be objectionable appear to be all laws codified in Title 25, which, according to the Complaint, include the Indian Citizenship Act of 1924, 8 U.S.C. § 1401, and the Indian Re-Organization Act, 25 U.S.C. § 461 *et seq.* It is not apparent from the Complaint how those laws impacted Plaintiff, though there is some discussion of the fact that Plaintiff lost his job with the Salt River Pima-Maricopa Indian Community. However, the nexus between Plaintiff's lost job and the laws codified in Title 25 is lost on the Court.

The motions are granted for three reasons: Plaintiff lacks Article III standing; the Speech or Debate Clause, U.S. Const. art. I, § 6, cl. 1[3] confers absolute immunity on these Defendants;[4] and the doctrine of sovereign immunity precludes this action.

As for standing, Plaintiff has failed to meet every element of the required three part test: "that he has suffered 'injury in fact,' that the injury is 'fairly traceable' to the actions of the defendant, and that the injury will likely be redressed by a favorable decision." *Bennett v. Spear,* 520 U.S. 154, 162, 117 S. Ct. 1154, 1161 (1997) (citation omitted). *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S. Ct. 2130, 2135 (1992) (requiring that a

---

[3]That clause states, in relevant part, that "Senators and Representatives . . . shall not be questioned in any other Place" for "any Speech or Debate in either House."

[4]The House and Senate Defendants also argue that the claims against them should be dismissed because the Complaint fails to state a claim against them and because they are entitled to qualified immunity. The Court will not address these arguments in light of its conclusion that it lacks subject matter jurisdiction over all claims against the House and Senate Defendants.

1 plaintiff show "invasion of a legally protected interest"); *Minnesota Bd. for Cmty. Colleges*
2 *v. Knight*, 465 U.S. 271, 285, 104 S. Ct. 1058, 1067 (1984) (noting that "[n]othing in the First
3 Amendment or in this Court's case law interpreting it suggests that the rights to speak,
4 associate and petition require government policymakers to listen or respond to individuals'
5 communications on public issues"); *Keener v. Congress of the United States,* 467 F.2d 952
6 (5th Cir. 1972) (affirming dismissal for lack of standing of the plaintiff's action to compel
7 Congress to take legislative action).

8 The Speech or Debate Clause of the Constitution confers absolute immunity on
9 Members of Congress for all conduct falling within "the sphere of legitimate legislative
10 activity." *Eastland v. U.S. Servicemen's Fund,* 421 U.S. 491, 501, 95 S. Ct. 1813, 1820
11 (1975) (citations omitted) (holding that the Speech or Debate clause should be read "broadly
12 to effectuate its purposes," which are "to insure that the legislative function the Constitution
13 allocates to Congress may be performed independently"; the Court also noted that this
14 immunity attaches even where "it is alleged that First Amendment rights may be infringed
15 by congressional action."). *See Bogan v. Scott-Harris,* 523 U.S. 44, 54-55, 118 S. Ct. 966,
16 973 (1998) (holding that legislator is absolutely immune under the Speech or Debate Clause
17 for voting for ordinance that violated the plaintiff's First Amendment rights); *Newdow v. U.S.*
18 *Congress,* 328 F.3d 466, 484 (9th Cir. 2003), *rev'd on other grounds,* 124 S. Ct. 2301 (2004).
19 Here, Plaintiff is suing these Defendants because of the alleged effect of a law or series of
20 laws that they allegedly passed. As the Senate Defendants' brief states, "That is precisely the
21 type of lawsuit that is barred by the Speech or Debate Clause, as the passage of legislation
22 is quintessential legislative activity." (Senate Defendants' Brief at 7.) *See Gravel v. United*
23 *States,* 408 U.S. 606, 624, 92 S. Ct. 2614, 2627 (Speech or Debate Clause applies to "act of
24 voting") (citation omitted); *Newdow,* 328 F.3d at 484; *Quillin v. United States,* 589 F. Supp.
25 830, 831 (N.D. Iowa 1984).

26 These Defendants are also protected under the doctrine of sovereign immunity
27 because Plaintiff is suing them in their official capacities, the relief that Plaintiff seeks would
28 operate against the United States, and the Unites States has not waived its immunity. *See*

1  *Hawaii v. Gordon,* 373 U.S. 57, 58 (1963) (stating that "[t]he general rule is that relief sought
2  nominally against an officer is in fact against the sovereign if the decree would operate
3  against the latter").  *See generally Keener,* 467 F.2d at 953.

4  Because Plaintiff lacks standing and because these Defendants are entitled to absolute
5  and sovereign immunity, all claims against them are dismissed.

6  **B.    Motion to Dismiss filed by Arizona Defendants**

7  The motion to dismiss is granted.  First, all of Plaintiff's claims against the State of
8  Arizona and Governor Napolitano in her official capacity are precluded by the Eleventh
9  Amendment.  *Edelman v. Jordan,* 415 U.S. 651, 662-63 (1974) ("[T]his Court has
10 consistently held that an unconsenting State is immune from suits brought in federal courts
11 by her own citizens . . . ") (citations omitted); *Will v. Mich. Dep't of State Police,* 491 U.S.
12 58, 71, 109 S. Ct. 2304, 2312 (1989) ("[A] suit against a state official in his or her official
13 capacity is not a suit against the official but rather is a suit against the official's office.  As
14 such, it is no different from a suit against the State itself.") (citations omitted); *Alabama v.*
15 *Pugh,* 438 U.S. 782, 98 S. Ct. 3057 (1978); *Franceschi v. Schwartz,* 57 F.3d 828, 831 (9th
16 Cir. 1994) ("The Eleventh Amendment bars suits which seek either damages or injunctive
17 relief against a state, an 'arm of the state,' its instrumentalities, or its agencies.") (quotations
18 omitted).

19 Second, to the extent that Plaintiff is suing Governor Napolitano in her individual
20 capacity, he fails to state a claim within the meaning of Federal Rule of Civil Procedure
21 12(b)(6).  The sole mention of the governor in the Complaint is: "Plaintiff argues . . . the
22 Governor . . . can[not] roam about the countryside and operate free from the constraints of
23 the Constitution . . ." (Compl. at 11.)  This statement runs afoul of the rule that, "[a] plaintiff
24 must allege facts, not simply conclusions, that show that an individual was personally
25 involved in the deprivation of his civil rights." *Barren v. Harrington,* 152 F.3d 1193, 1194
26 (9th Cir. 1998).

27 As the Court lacks subject matter jurisdiction over all claims against the Arizona
28 Defendants, all claims against them are dismissed.

### C. Plaintiff's Motion for Summary Judgment

Plaintiff's seeks summary judgment on all claims against the following Defendants: Salt River Pima-Maricopa Indian Community, Eric Vimmerstedt, Sharon Carl, Janet Lacapa, Michael LaLonde, Bryan Meyers (together, "Tribal Defendants"). The basis of the motion is the failure of any of the Tribal Defendants to respond to the Complaint within sixty days after receiving notice of the suit. None of the Tribal Defendants have responded to the motion.

The motion for summary judgment is denied because none of the Tribal Defendants were properly served with the Complaint within the meaning of Federal Rule of Civil Procedure 4. Plaintiff mailed each of the Tribal Defendants a copy of the Complaint by registered mail without obtaining a waiver of service.

### D. Motion to Strike filed by Arizona Defendants

Plaintiff filed a rebuttal to the Arizona Defendants' Reply in Support of its Motion to Dismiss. Such a document is not permitted under the local rules. The motion to strike is granted.

**IT IS ORDERED** granting the Motion to Dismiss filed by the State of Arizona and Arizona Governor Janet Napolitano (Doc. 5).

**IT IS FURTHER ORDERED** granting the Motion to Dismiss filed by Defendants Jeff Flake, Trent Franks, Raul Grijalva, John Hayworth, Ed Pastor, Rick Renzi, John Shadegg, Robert Stump and Unnamed United States Representatives (Doc. 36).

**IT IS FURTHER ORDERED** granting the Motion to Dismiss filed by John McCain, Jon Kyl and Unnamed United States Senators (Doc. 39).

1   **IT IS FURTHER ORDERED** denying the Motion for Summary Judgment filed by
2   Plaintiff (Doc. 45).
3   **IT IS FURTHER ORDERED** granting the Motion to Strike filed by the State of
4   Arizona and Arizona Governor Janet Napolitano (Doc. 42).

6   DATED this 28th day of March, 2006.

*/s/ Susan R. Bolton*
Susan R. Bolton
United States District Judge